C/M/DIF

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
```
NOT FOR PUBLICATION

ROY JOSEPH,

                Petitioner,                 MEMORANDUM AND ORDER

       -against-                          07-CV-5223 (RRM)

JAMES CONWAY,
Superintendent, Attica Correctional Facility,

                Respondent.
------------------------------------------------------X

MAUSKOPF, United States District Judge.

       Petitioner Roy Joseph, who is currently incarcerated in Attica Correctional Facility pursuant to a judgment of conviction in the New York Supreme Court, Kings County, brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's request to proceed in forma pauperis is granted. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred. The court's previous Order of December 20, 2007, directing respondent to respond to the petition is stayed until petitioner files his affirmation or the 30-day period has expired.

## I.    Background

       Following a jury trial in New York Supreme Court, Kings County, petitioner was convicted on January 8, 2002 of murder in the second degree, attempted murder, and criminal possession of a weapon. Petitioner was sentenced to consecutive, indeterminate terms of

imprisonment totaling 40 years to life, concurrent with a ten-year term on the weapons conviction.

Petitioner appealed his convictions, which the New York Supreme Court, Appellate Division, Second Department ("Appellate Division") affirmed on July 5, 2005. People v. Joseph, 20 A.D.3d 435, 797 N.Y.S.2d 310 (2d Dep't 2005). Petitioner then sought leave to appeal to the New York Court of Appeals, which denied his application on August 30, 2005. People v. Joseph, 5 N.Y.3d 807 (2005). According to the petition, petitioner did not seek a writ of certiorari from the United States Supreme Court.

In addition to pursuing his direct appeal, petitioner collaterally attacked his judgment of conviction in an application to the Appellate Division for a writ of error coram nobis. Petitioner asserts that he initially filed that petition in August of 2006, but that when he inquired about it, he was informed that it had not been received. Petitioner refiled on August 21, 2007. That petition was denied on November 27, 2007. People v. Joseph, 845 N.Y.S.2d 754, 2007 N.Y. Slip Op. 09420 (2d Dep't 2007).

The instant petition, dated December 5, 2007, was received by the United States District Court for the Eastern District of New York on December 11, 2007.

## II. Discussion

### A. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application

for a writ of habeas corpus by a person in custody pursuant to a state court judgment. See 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitations period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a "properly filed" application for state post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented

3

successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitations on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000). See also Day v. McDonough, 547 U.S. 198, 209 (2006) ("district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) and Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

B.  Application of the Law to This Case

The facts alleged in the petition in this case suggest that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may be time-barred. Because petitioner did not seek a writ of certiorari from the United States Supreme Court, petitioner's judgment of conviction became final on November 28, 2005, ninety (90) days after the New York Court of Appeals denied leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had until November 28, 2006, to petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Smith, 208 F.3d at 15.

A properly filed application for state post-conviction or other collateral review typically tolls the period "from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000); see also Cortorreal v. Artuz, 281 F. Supp. 2d 524, 526-27 (E.D.N.Y. 2003). Petitioner claims that he first filed his petition for a writ of error coram nobis some time in August 2006, which would have begun to toll the one-year AEDPA period of limitations prior to its expiration. Petitioner acknowledges, however, that the Appellate Division appears not to have received the petition until after he filed it again on August 21, 2007. It thus appears that petitioner's state petition for a writ of error coram nobis was not properly filed within the limitations period.

Petitioner is therefore directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA's statute of limitations should not bar the instant petition.[1] See Day, 547 U.S. at 209 ; Acosta, 221 F.3d at 125. Petitioner shall include in his affirmation detailed allegations regarding the date on which he alleges that he first filed his petition for a writ of error coram nobis. Petitioner shall append to his affirmation documentary evidence, if available, supporting his allegations concerning these dates.

### III. Conclusion

Should petitioner have a basis to ask the court to equitably toll the statute of limitations, he shall present the facts to the court in his affirmation. No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.

Dated: Brooklyn, New York
January 10, 2008

ROSLYNN R. MAUSKOPF
United States District Judge