UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROY JOSEPH,

      Petitioner,

  - against -

JAMES CONWAY,

      Respondent.
------------------------------------------------------------X

MEMORANDUM AND ORDER
07-CV-05223 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

  Petitioner Roy Joseph filed a petition for a writ of *habeas corpus*, dated December 5, 2007 (Pet. (Doc. No. 1)).) By Memorandum and Order, dated January 14, 2008, the Court directed Joseph to show cause why his petition should not be dismissed as time barred pursuant to the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Joseph v. Conway*, No. 07-cv-5223 (RRM), 2008 WL 141968, at *3 (E.D.N.Y. Jan. 14, 2008) ("*Joseph I*"). Joseph timely filed an affirmation, (Pet'r Affirm. (Doc. No. 5)), in response to the Court's order in *Joseph I*. Based on Joseph's submissions, and for the reasons set forth below, the petition is DISMISSED as time barred.[1]

## BACKGROUND

**A. State Court Proceedings**

  On January 8, 2002, following a jury trial in New York Supreme Court, Kings County, Joseph was convicted of murder in the second degree, attempted murder in the second degree

---

[1] By letter filed December 22, 2010, Joseph requested that the Court hold his petition in abeyance so that he could resolve unidentified issues in the state court. (Pl.'s Dec. 22, 2010 Ltr. (Doc. No. 8).) Because his petition is time barred, this motion is moot. Even if it were not time barred, Joseph has failed to show good cause for his failure to exhaust his state law claims and has failed to show that his unexhausted claims are not plainly meritless, so his motion would be denied. *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L.Ed.2d 440 (2005).

and criminal possession of a weapon in the second degree. He was sentenced to consecutive terms of incarceration of twenty years to life for the second degree murder and second degree attempted murder convictions, and a concurrent term of incarceration of ten years to life for the weapon possession conviction.

Joseph subsequently appealed and, by opinion issued July 5, 2005, the New York Supreme Court, Appellate Division, Second Department affirmed Joseph's conviction. *People v. Joseph*, 20 A.D.3d 435, 435 (2d Dep't 2005). On August 30, 2005, the New York Court of Appeals denied Joseph's application for leave to appeal from the Appellate Division's decision. *People v. Joseph*, 5 N.Y.3d 807 (2005). Joseph did not file a petition for *certiorari* in the United States Supreme Court.

Joseph collaterally attacked his judgment of conviction in an application to the Appellate Division for a writ of error *coram nobis*. He claims that he initially filed that application in August of 2006, but when he inquired about it, he was informed that it had not been received. On August 21, 2007, Joseph properly filed a *coram nobis* application in the Appellate Division. The Appellate Division denied that application on November 27, 2007. *People v. Joseph*, 45 A.D.3d 865, 865 (2d Dep't 2007).

**B.     The Instant Petition and the Court's January 14, 2008 Order**

Joseph filed the instant petition for *habeas corpus* relief on December 5, 2007. He asserts three grounds for relief: (1) prosecutorial misconduct during summation; (2) insufficiency of the evidence as to the second degree depraved indifference murder conviction; and (3) ineffective assistance of appellate counsel. (Pet. at 6, 8, 10.)

On January 14, 2008, the Court issued *Joseph I*, observing that the petition appeared time barred pursuant to AEDPA's one-year statute of limitations and directing Joseph to show cause

why the petition should not be dismissed on that basis. *Joseph I*, 2008 WL 141968, at *3. The Court noted that, although Joseph claimed that he first filed his *coram nobis* application sometime in August 2006, the Appellate Division received his application on August 21, 2007, which was outside of the limitations period. *Id.* The Court directed Joseph to include in the affirmation detailed allegations and documentary evidence regarding the date on which he allegedly first filed his *coram nobis* application, and any facts supporting equitable tolling of the statute of limitations. *Id*.

C.  **Joseph's Response to the Court's January 14, 2008 Order**

In his response to the Court's Order to Show Cause, Joseph timely filed an affirmation, along with an affidavit and three letters. (Pet'r Affirm. (Doc. No. 5).) Joseph states that he filed his *coram nobis* application with the Appellate Division "during the week of August 24th and 28th of 2006." (*Id*. at 3, ¶ 1 (ECF pagination).) After receiving no acknowledgment from the Appellate Division, Joseph wrote a letter to the clerk of the court for the Appellate Division on June 4, 2007 to inquire on the status of his application. (*Id*. at 3, ¶ 2; 5.) On June 19, 2007, the Clerk's Office at the Appellate Division responded: "In response to your letter dated June 4, 2007, according to our records this court has not received your motion. If you are still interested in making that motion, please resubmit your papers." (*Id*. at 3, ¶ 2; 6.)

As he avers, on August 10, 2007, Joseph sent a letter to the prison's inmate correspondence office stating that "[d]uring the week of August 21 or August 28, 2006, [he] sent some legal papers to the Kings County Supreme Court" and asking "how many Free Legal Stamps [he] used between August 21 & 31, of 2006." (*Id*. at 7.) A handwritten note at the bottom of Joseph's August 10, 2007 letter reads: "[t]he week of Aug. 21 06 I had one free legal envelope going out for you. I do not record who it was going to." (*Id.*)

3

Joseph argues that "his petition did leave the institution in a timely manner," (*Id*. at 1), and that "any delay in the receipt of his coram nobis application before the state court was not due to his error, but rather the fault of the Clerk of the Court of the Appellate Division, Second Judicial Department." (*Id*. at 4, ¶ 7.)

**DISCUSSION**

AEDPA sets a one-year statute of limitations from the date a conviction becomes final for the filing of a petition for a writ of *habeas corpus* by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1)(A).[2] The statute of limitations serves the laudable goals of "streamlining the habeas review process and lending finality to state convictions.'" *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000) (quoting *Walker v. Artuz*, 208 F.3d 357, 361 (2d Cir. 2000)). As the Second Circuit has explained:

> The AEDPA statute of limitation promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time. Like the other procedural bars to habeas review of state court judgments, the statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore "it is not inappropriate for the court, on its own motion, to invoke the doctrine."

*Id.* (quoting *Brown v. Fauver*, 819 F.2d 395, 398 (3d Cir. 1987)).

The AEDPA statute of limitations may be tolled in one of two ways. First, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations. Second, courts may equitably toll the one year statute of limitations if the petitioner can show that he has been pursuing his

---

[2] Joseph does not state any facts showing that the other triggering dates set forth in 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable here.

4

rights diligently, but that some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010).

Joseph's conviction became final for the purposes of AEDPA's one year statute of limitations on November 28, 2005, at the conclusion of the 90-day period within which Joseph could have filed for a writ of *certiorari* following the Court of Appeals's August 30, 2005 decision. *See Lawrence v. Florida*, 549 U.S. 327, 333, 127 S. Ct. 1079, 166 L.Ed.2d 924 (2007); *Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir. 2005). Thus, Joseph had until November 28, 2006 to seek *habeas* relief pursuant to 28 U.S.C. § 2254. Therefore, absent a properly filed state application for collateral review, or a demonstration of entitlement to equitable tolling, Joseph's instant petition for *habeas corpus*, dated December 5, 2007, is time-barred.

**A.  Statutory Tolling**

As noted above, 28 U.S.C. § 2244(d)(2) tolls the limitations period during the time in which a "properly filed" application for state post-conviction or collateral review is pending. An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000). An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," which prescribe, among other things, the "court and office in which it must be lodged." *Id.* Under the "prison mailbox" rule, time is tolled from the date the incarcerated *pro se* petitioner commences a state collateral proceeding by delivering a proper application to prison authorities for filing. *Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005). However, in cases where a petitioner's legal papers are never received by the state court, federal courts require petitioners to make an evidentiary showing that delivery in fact occurred. *See, e.g., Ray v. Clements*, 700 F.3d 993, 1011–12 (7th Cir. 2012)

(noting that "petitioner's requisite evidentiary showing should be exacting."); *Allen v. Culliver*, 471 F.3d 1196, 1198 (8th Cir. 2006) (remanding to district court to determine whether or not, and when, petitioner delivered notice of appeal to prison authorities); *Huizar v. Carey*, 273 F.3d 1220, 1224 (9th Cir. 2001) (remanding to district court to determine when the prisoner delivered the petition to prison authorities); *Harvey v. People of the City of New York*, 435 F. Supp. 2d 175, 178–79 (E.D.N.Y. 2006); *Brown v. US*, No. 10-cv-2641, 2011 WL 2444815, at *2 (E.D.N.Y. Jan. 20, 2011); *Fleegle v. Conway*, No. 08-cv-771, 2010 WL 4365659, at *6 (N.D.N.Y. Aug. 5, 2010), *adopted*, 2010 WL 4316572 (N.D.N.Y. Oct. 26, 2010); *Slater v. Herbert*, No. 01-cv-928, 2008 WL 2967631, at *2–3 (N.D.N.Y. Jul. 25, 2008); *cf. Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (petitioner bears burden of proving the appropriateness of equitable tolling).

Here, Joseph argues that he sought *coram nobis* relief in the Appellate Division on August 24, 2006, before the one-year limitations period had expired. The Appellate Division never received the alleged application. To support his claim that an application was in fact filed in August 2006, Joseph offers the inmate correspondence office's purported response to his August 10, 2007 letter that indicates that one free legal envelope from Joseph was sent to an unknown party during the week of August 21, 2006. (*See* Pet'r Affirm. at 7.) Joseph has offered no other evidence corroborating his claim. He has not provided the Court with drafts of the alleged application, notes that he prepared while working on the alleged application, copies of the envelope in which he allegedly sent the application, or detailed allegations describing the circumstances under which the alleged application was prepared and delivered to prison authorities.

The Court concludes that Joseph's August 10, 2007 letter and the inmate correspondence office's purported response alone are insufficient to show that a *coram nobis* application was "properly filed" in August 2006. Even if the envelope sent during the week of August 21, 2006 contained a *coram nobis* application, Joseph's letter to the inmate's correspondence office suggests that he sent it to the wrong court. In the letter, Joseph stated that "[d]uring the week of August 21 or August 28, [he] sent some legal papers to the Kings County Supreme Court." (Pet'r Affirm. at 7). The proper court for his *coram nobis* application, however, was the Appellate Division. *See People v. Bachert*, 69 N.Y.2d 593, 599 (1987) (a writ of error *coram nobis* must be brought before "the appellate tribunal which considered the primary appeal in which counsel was allegedly deficient."). This discrepancy would explain why the Appellate Division never received the alleged August 2006 *coram nobis* petition, (*see* Pet'r Affirm. at 6), but would also foreclose statutory tolling since the application was not filed in the correct court, *see Bennett*, 531 U.S. at 8 ("an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example . . . the court and office in which it must be lodged . . . ."); *see also Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006) (petition not "properly filed" since it was sent to Pennsylvania Supreme Court instead of court of conviction); *Sibley v. Culliver*, 377 F.3d 1196, 1203 (11th Cir. 2004) (application not "properly filed" since it was delivered to wrong court); *Walker v. McLaughlin*, No. 04-cv-6172, 2008 WL 941719, at *4 (W.D.N.Y. Apr. 4, 2008) (noting that failure to file papers with correct court rendered filing a nullity); *Forman v. Artuz*, 211 F. Supp. 2d 415, 420–21 (S.D.N.Y. 2000) (state habeas petition filed in wrong court was not "properly filed.").

In other words, on its face, Joseph's August 10, 2007 letter undermines his claim that he properly filed a *coram nobis* application in August 2006. The Court is mindful of the difficulties that incarcerated *pro se* petitioners face in effectuating and monitoring the filing of collateral review applications, *see Fernandez*, 402 F.3d at 113 (discussing *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988)), but, even assuming the truth of petitioner's evidentiary submissions, does not believe based on the record before it that a *coram nobis* application was properly filed with the Appellate Division. *Compare Harvey*, 435 F. Supp. 2d at 179 (declining to toll statute of limitations where petitioner failed to offer evidence corroborating claim that papers were mailed), *Fleegle*, 2010 WL 4365659, at *5–6 (declining to find that petitioner had "properly filed" 440.10 motion where there was no record of it being received at court and no evidence "to suggest that the petitioner's section 440.10 motion was in compliance with all applicable requirements of state law."), *and Brown*, 2011 WL 2444815, at *2–3 (declining to apply "prison mailbox rule" where contradictory records undermined petitioner's claims), *with Ray*, 700 F.3d at 1013–14 (petitioner offered detailed declaration and documents corroborating claim that missing application was delivered to prison authorities for mailing). Because he has failed to show that he had "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" pending during the one-year limitations period, Joseph is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).[3]

## B. Equitable tolling

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. *Holland,* 130 S. Ct. at 2560; *Smith,* 208 F.3d at 17. A petitioner is entitled to equitable tolling

---

[3] The fact that Joseph filed a *coram nobis* with the Appellate Division in August 2007, after the limitations period had expired, is immaterial to the timeliness calculation. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (filing of state relief applications does not "reset" limitations period).

only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (internal quotations omitted). "The diligence required for equitable tolling is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id*. at 2565. The district court should ask: did the petitioner act as diligently as reasonably could have been expected under the circumstances?'" *Baldayaque v. U.S.*, 338 F.3d 145, 153 (2d Cir. 2003). Whether to grant equitable tolling must be made on a case-by-case basis, *Holland*, 130 S. Ct. at 2563, and it should be granted only in "rare and exceptional circumstances," *Smith*, 208 F.3d at 17.

Here, Joseph argues that any delay in the receipt of his *coram nobis* application was due to an error by the Clerk of the Court of the Appellate Division. (Pet'r Affirm. at 4, ¶ 7.) Even if this qualifies as an "extraordinary circumstance," Joseph is not entitled to equitable tolling because he has not demonstrated that he exercised reasonable diligence under the circumstances. Joseph claims that he first mailed his *coram nobis* application on August 24, 2006. Yet, despite the fact that the deadline for filing his *habeas corpus* petition was approaching and would be tolled only if the *coram nobis* were properly filed, Joseph waited until June 4, 2007 – over nine months – before inquiring about the status of the alleged *coram nobis* after receiving no acknowledgement from the Appellate Division. Joseph has offered no evidence that he tried to inquire, or was prevented from inquiring, about the status of his *coram nobis* petition before that date.[4] Furthermore, once he did learn that he had no application pending, it took him another two months to properly file a *coram nobis* application. Although he was under no obligation to "pester a state court with frequent inquiries as to whether a pending motion has been decided," *Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008), it is reasonable to expect that Joseph would

---

[4] The Court notes that Joseph's success in contacting the Appellate Division on June 4, 2007, (*see* Pet'r Affirm. at 5), and the Appellate Division's prompt reply on June 19, 2007, (*see* Pet'r Affirm. at 6), demonstrates the ease with which Joseph could have determined that no *coram nobis* was pending.

investigate whether the alleged *coram nobis* application was received by the Appellate Division before nine months had elapsed, especially given the impending AEDPA statute of limitations deadline and the silence from the Appellate Division and the Kings County District Attorney's Office. But, Joseph did not do so. Therefore, this is not a "rare and exceptional" case where equitable tolling is warranted. *See, e.g.*, *Herring v. Superintendent*, No. 09-cv-7610, 2010 WL 5463869, at *4–5 (S.D.N.Y. Dec. 2, 2010) *adopted* 2010 WL 5396081 (S.D.N.Y. Dec. 29, 2010) (petitioner exhibited diligence in attempting to stay abreast of progress of appeal by contacting the court and his attorney "repeatedly over a seventeen month period.").

## CONCLUSION

For the reasons set forth above, petitioner Roy Joseph has failed to establish his entitlement to either statutory or equitable tolling of the one-year statute of limitations set for in 28 U.S.C. § 2244(d)(1). Accordingly, the petition is DISMISSED as time-barred.[5]

---

[5] Furthermore, Joseph's petition is meritless. The Appellate Division found that Joseph's prosecutorial misconduct claims were unpreserved, *see Joseph*, 20 A.D.3d at 435, and Joseph is procedurally barred from challenging those claims now since he has failed to show cause and prejudice or a fundamental miscarriage of justice. *See Gray v. Netherland*, 518 U.S. 152, 162 116 S. Ct. 2074 (1996); *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546 (1991). As for the preserved prosecutorial misconduct claims, the Appellate Division did not unreasonably apply clearly established federal law in finding that the improper remarks did not deny Joseph a fair trial, especially since the trial court instructed the jury that arguments of counsel are not evidence and that the prosecution bears the burden of proof. *See* 28 U.S.C. § 2254(d); *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L.Ed.2d 144 (1986); *Moore v. Conway*, 476 Fed. App'x 928, 930–31 (2d Cir. 2012). Joseph's insufficient evidence claim also must fail because, even if the shift in the law of depraved indifference murder is cause and prejudice that allows him to overcome the procedural bar, there was sufficient evidence for a rational trier of fact to find that Joseph acted recklessly by shooting the victim while Joseph was attempting to murder another person in the middle of a crowded, panicked nightclub. *See Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed2d 560 (1979) (relevant question is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."); *Gutierrez v. Smith*, 702 F.3d 103, 113–16 (2d Cir. 2012) (noting that the depraved indifference cases decided before Joseph's conviction became final "do not compel the conclusion that a one-on-one stabbing or shooting is always intentional."). Finally, Joseph's ineffective assistance of appellate counsel claim also must fail. The Appellate Division did not unreasonably apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) because the record shows that Joseph's appellate counsel did in fact argue on appeal that the evidence was insufficient to sustain his conviction for depraved indifference murder, (*see* Resp. Aff. Ex. E), and therefore his counsel's representation was objectively reasonable under the circumstances.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal.

The Clerk of the Court is directed to mail a copy of this order to Petitioner and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      February 20, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge